NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
KATHERINE A. RYKKEN (Cal. Bar No. 267196)
Assistant United States Attorney
Major Frauds Section
VERONICA DRAGALIN (Cal. Bar No. 281370)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0647
     Facsimile: (213) 894-0141
     E-mail:    katherine.rykken@usdoj.gov
                veronica.dragalin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>                v.<br><br>CARLOS MIGUEL FERNANDEZ, et al.,<br><br>                Defendants. | No. CR 18-121(A)-SJO-2<br><br>GOVERNMENT'S OPPOSITION to DEFENDANT EDWARD ARAO'S MOTION TO DISMISS FIRST SUPERSEDING INDICTMENT AND MOTION TO SEVER<br><br>Hearing Date: November 4, 2019<br>Hearing Time: 10:00 a.m.<br>Location:    Courtroom of the<br>             Hon. S. James Otero |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys KATHERINE A. RYKKEN and VERONICA DRAGALIN, hereby files its Opposition to Defendant Edward Arao's Motion to Dismiss the First Superseding Indictment Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) (CR 171) and Motion to Sever Pursuant to Federal Rule of Criminal Procedure 8 and 14 (CR 175).

1       This Opposition is based upon the attached memorandum of points

2   and authorities, the files and records in this case, and such further

3   evidence and argument as the Court may permit.

4   Dated: October 11, 2019          Respectfully submitted,

5                                    NICOLA T. HANNA
                                     United States Attorney
6
                                     BRANDON D. FOX
7                                    Assistant United States Attorney
                                     Chief, Criminal Division
8

9                                     */s/ Katherine A. Rykken*
                                     KATHERINE A. RYKKEN
10                                   VERONICA DRAGALIN
                                     Assistant United States Attorneys
11
                                     Attorneys for Plaintiff
12                                   UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

DESCRIPTION                                                                    PAGE

I.    INTRODUCTION..................................................1

II.   STATEMENT OF FACTS...........................................1

      A.    The Firearms Dealing Scheme............................1

      B.    The Indictment.........................................3

III.  ARGUMENT.....................................................4

      A.    The Court Should Deny Defendant's Motion to Dismiss.......4

            1.    Legal Standard...................................4

            2.    Count One Is Not Duplicitous.....................4

            3.    Count Three Is Not "Legally Invalid"...............10

            4.    Courts Have Repeatedly Upheld the
                  Constitutionality of 18 U.S.C. § 922(a)(1)(A).......11

      B.    The Court Should Deny Defendant's Motion to Sever.......13

            1.    Legal Standard...................................13

            2.    Severance Is Not Required Under Rule 14............13

      C.    Defendant Has Not Identified a Bruton Issue.............16

IV.   CONCLUSION...................................................18

**TABLE OF AUTHORITIES**

DESCRIPTION                                                          PAGE(S)

**Cases**

Bargas v. Burns,
   179 F.3d 1207 (9th Cir. 1999) ....................................... 9

Braverman v. United States,
   317 U.S. 49 (1942) .................................................. 7

Bruton v. United States,
   391 U.S. 123 (1968) ................................................ 16

Fernandez v. United States,
   329 F.2d 899 (9th Cir. 1964) ...................................... 15

Hill v. Colorado,
   530 U.S. 703 (2000) ............................................... 12

Holder v. Humanitarian Law Project,
   561 U.S. 1 (2010) ................................................. 13

Richardson v. Marsh,
   481 U.S. 200 (1987) ............................................... 17

United Sates v. Escalante,
   637 F.2d 1197 (9th Cir. 1980) ..................................... 15

United States v. Bauer,
   84 F.3d 1549 (9th Cir. 1996) ................................... 5, 7

United States v. Boren,
   278 F.3d 911 (9th Cir. 2002) ....................................... 4

United States v. DiCesare,
   765 F.2d 890 (9th Cir. 1985) ....................................... 5

United States v. Doe,
   655 F.2d 920 (9th Cir. 1980) ...................................... 14

United States v. Fernandez,

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                              PAGE

  388 F.3d 1199 (9th Cir. 2004) ...............................14, 16

United States v. Friedman,

  445 F.2d 1076 (9th Cir. 1971) ....................................13

United States v. Garcia,

  400 F.3d 816 (9th Cir. 2005) ......................................5

United States v. Gross,

  451 F.2d 1355 (7th Cir. 1971) ....................................11

United States v. Harper,

  33 F.3d 1143 (9th Cir. 1994) ......................................7

United States v. Hernandez-Orellana,

  539 F.3d 994 (9th Cir. 2008) .....................................14

United States v. Hosford,

  843 F.3d 161 (4th Cir. 2016) .....................................12

United States v. King,

  532 F.2d 505 (5th Cir. 1976) .....................................11

United States v. Laurienti,

  611 F.3d 530 (9th Cir. 2010) .....................................10

United States v. Martin,

  4 F.3d 757 (9th Cir. 1993) ........................................5

United States v. Mastelotto,

  717 F.2d 1238 (9th Cir. 1983) .....................................5

United States v. Miller,

  471 U.S. 130, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985) ...............5

United States v. Nelson,

  66 F.3d 1036 (9th Cir. 1995) ......................................9

United States v. Nukida,

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                                PAGE

  8 F.3d 665 (9th Cir. 1993) ........................................ 4

United States v. Oakar,

  111 F.3d 146 (D.C. Cir. 1997) ................................... 10

United States v. Panza,

  750 F.2d 1141 (2d Cir. 1984) .................................... 18

United States v. Perry,

  550 F.2d 524 (9th Cir. 1997) .................................... 15

United States v. Root,

  366 F.2d 377 (9th Cir. 1966) .................................... 10

United States v. Satterfield,

  548 F.2d 1341 (9th Cir. 1977) ................................... 14

United States v. Shabani,

  513 U.S. 10 (1994) ............................................... 5

United States v. Skinner,

  25 F.3d 1314 (6th Cir. 1994) .................................... 11

United States v. Smith,

  891 F.2d 703 (9th Cir. 1989) ..................................... 7

United States v. Taren-Palma,

  997 F.2d 525 (9th Cir. 1993) ..................................... 5

United States v. Terrigno,

  838 F.2d 371 (9th Cir. 1988) .................................... 10

United States v. Van Buren,

  593 F.2d 125 (9th Cir. 1979) ................................. 11, 12

United States v. Zemek,

  634 F.2d 1159 (9th Cir. 1980) .................................... 5

Vill. Of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                                PAGE

  455 U.S. 489 (1982)...........................................12

Zafiro v. United States,

  506 U.S. 534 (1993).......................................14, 17

**Statutes**

18 U.S.C. § 371...........................................1, 3

18 U.S.C. § 922(a)(1)(A)...........................i, 1, 2, 3, 11

18 U.S.C. § 924(a)(1)(A).....................................8

**Rules**

Federal Rule of Criminal Procedure 14(a)...................13

Federal Rule of Criminal Procedure 7.......................6

Federal Rule of Criminal Procedure 8...................1, 5, 13

Federal Rule of Criminal Procedure 12(B)(3)(b)...............1, 4

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The First Superseding Indictment ("FSI") charges defendant Edward Arao ("defendant" or "Arao") in Counts One and Three.  Count One charges defendant and co-defendant Carlos Miguel Fernandez ("Fernandez") with conspiracy to engage in the business of dealing in firearms without a license, in violation of 18 U.S.C. § 371.  Count Three charges defendant with engaging in the business of dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A).  (CR 90)  Fernandez is similarly charged with engaging in the business of dealing in firearms without a license in Count Two.  The substantive dealing counts against defendants Arao and Fernandez are directly tied, as overt acts, to the dealing conspiracy alleged in Count One.[1]

On October 4, 2019, defendant filed a Motion to Dismiss the First Superseding Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) (the "Motion to Dismiss").  (CR 171)  Arguing much the same, on October 11, 2019, defendant also filed a Motion to Sever pursuant to Federal Rule of Criminal Procedure 8 and 14 (the "Motion to Sever") (collectively, the "Motions"). (CR 175)  Trial is scheduled for November 12, 2019.  Because defendant's arguments lack merit, this Court should deny defendant's Motions.

## II.  STATEMENT OF FACTS

### A.   The Firearms Dealing Scheme

As alleged in the FSI, defendant and Fernandez engaged in a conspiracy to deal firearms by unlawfully taking advantage of

---

[1] Defendant is not charged in Counts Two and Four through Twelve of the FSI.

exemptions available to law enforcement officers under California law.  California has an approved roster of firearms that may be sold to the public.  Law enforcement officers are exempt from this law and can purchase "off-Roster" firearms.  Law enforcement officers or other individuals who own off-Roster firearms may, in turn, sell them in a private sale.  They may not, however, use these private sales to conduct a business whose principal objective is livelihood and profit through the repetitive purchase and resale of firearms in violation of 18 U.S.C. § 922(a)(1)(A).  Understanding the California roster scheme explains how defendant and Fernandez were able to game the system for profit.

Although defendant was the CEO of Ronin Tactical Group, a federal firearms licensee ("FFL") that had a license to deal in firearms, the FFL could not sell off-Roster firearms to the general public.  To avoid this prohibition under California law, defendant used his position as a police officer to purchase off-Roster firearms from Ronin Tactical, the FFL that he operated.  Defendant, in his individual capacity and without a license, then resold those firearms at inflated prices on the private market in California.  As alleged in Counts One and Three, from May 2015 to July 2017, defendant purchased 41 Colt .38 caliber pistols from Ronin Tactical and then resold them in private sales.  See FSI Count One ¶ 22 (Overt Acts 61-101), Count Three.  Defendant resold 38 of those firearms less than six months after acquiring them.  On 17 occasions, defendant possessed the firearm for less than 30 days before reselling it.  Because defendant was not individually licensed to deal in firearms, his conduct violated 18 U.S.C. § 922(a)(1)(A).  In addition, defendant worked with Fernandez to market and advertise firearms and

2

to arrange and conduct private sales.  See id. ¶¶ 21, 22 (Overt Acts 58-60).  Because defendant and Fernandez were both unlicensed, their agreement to deal in firearms violated 18 U.S.C. § 371.  These allegations form the basis for the conduct alleged in Counts One through Three.

**B.   The Indictment**

The introductory allegations of the FSI include background information relevant to the charged offenses, including, among other things, that defendant was a police officer with the Gardena Police Department (FSI ¶ 2), Ronin Tactical Group was a federal firearms licensee (id. ¶ 8), and defendant was the CEO of Ronin Tactical between June 14, 2013 and November 30, 2017 (id. ¶ 16).  Also set forth are relevant California and federal laws governing firearms. (Id. ¶¶ 9-14)

Count One of the FSI charges defendant and Fernandez with a violation of 18 U.S.C. § 371, namely, conspiracy "to knowingly, intentionally, and willfully engage in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A)."  (FSI ¶ 20)  Count One sets forth a single object of the conspiracy--the dealing offense--along with 101 overt acts.  Some overt acts are alleged to have been committed by Fernandez only and some by defendant only, but all overt acts are alleged to have been committed in furtherance of the conspiracy. (Id. ¶ 22)

Counts Two and Three charge Fernandez and defendant, separately and respectively, with a violation of 18 U.S.C. § 922(a)(1)(A), namely, that each defendant willfully engaged in the business of dealing in firearms without a license.  In particular, Count Three

3

charges defendant for the sale of 41 Colt .38 caliber pistols between September 23, 2015 and July 26, 2017.  Along with other co-defendants, Fernandez is also charged in Counts Four through Eleven of the FSI.  Neither Arao nor Fernandez is charged in Count Twelve.

**III. ARGUMENT**

    **A.   The Court Should Deny Defendant's Motion to Dismiss**

        1.   <u>Legal Standard</u>

Federal Rule of Criminal Procedure 12(b)(3)(B) provides, in relevant part, that "a defect in the indictment or information" "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits."  Fed. R. Crim. Proc. 12(b)(3)(B).  The examples of defects in the indictment include duplicity, multiplicity, lack of specificity, improper joinder, and failure to state an offense.  <u>Id</u>.

"In ruling on a pre-trial motion to dismiss an indictment ..., the district court is bound by the four corners of the indictment." <u>United States v. Boren</u>, 278 F.3d 911, 914 (9th Cir. 2002) (citations omitted).  "A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence ... The Court should not consider evidence not appearing on the face of the indictment." <u>Id</u>. (citations omitted).  The "unavailability of Rule 12 in determination of general issues of guilt or innocence ... helps ensure that the respective provinces of the judge and jury are respected[.]" <u>United States v. Nukida</u>, 8 F.3d 665, 670 (9th Cir. 1993).

        2.   <u>Count One Is Not Duplicitous</u>

Defendant argues that Count One of the FSI must be dismissed as "unconstitutionally duplicitous" because Fernandez was involved in "entirely separate criminal conduct distinct from the crime of

4

dealing in firearms without a license." See Motion to Dismiss at 1, 5. Defendant is wrong. Count One alleges a single offense, a conspiracy with a single object, and is therefore not duplicitous.

Federal Rule of Criminal Procedure 8(a) requires that each count charge a different offense. An indictment is duplicitous where a single count joins two or more distinct and separate offenses. United States v. Garcia, 400 F.3d 816, 819 (9th Cir. 2005) (citation omitted). An indictment should not be dismissed for duplicity if it "can be read to charge only one violation in each count." United States v. Martin, 4 F.3d 757, 759 (9th Cir. 1993) (internal citations omitted). In addition, "the grand jury and prosecutor must be presumed to have followed the command to charge but one crime in each count of the indictment." United States v. Mastelotto, 717 F.2d 1238, 1244 (9th Cir. 1983) (overruled on other grounds in United States v. Miller, 471 U.S. 130, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985)).

In determining whether a single conspiracy charge is duplicitous, courts consider factors such as the nature of the scheme, identities of the parties, and the commonality of time and goals. United States v. Zemek, 634 F.2d 1159, 1168 (9th Cir. 1980). The fact that a defendant did not participate in all phases of the conspiracy does not create multiple conspiracies. United States v. DiCesare, 765 F.2d 890, 900 (9th Cir. 1985). "Multiple conspiracies require some evidence of separate agreements and purposes." United States v. Taren-Palma, 997 F.2d 525, 530 (9th Cir. 1993), overruled on other grounds by United States v. Shabani, 513 U.S. 10 (1994). "A single conspiracy exists, as compared with multiple conspiracies, where there is one overall agreement to perform various functions to achieve the objectives of the conspiracy." United States v. Bauer,

84 F.3d 1549, 1560 (9th Cir. 1996), cert. denied, 519 U.S. 1131 & 1132 (1997) (internal citations and quotation marks omitted). Here, Count One charges a single crime, conspiracy, and alleges a single object, dealing in firearms without a license. It charges a single agreement between two people, defendant and Fernandez. The conspiracy count is not duplicitous.

> ### a.   The Inclusion of Introductory Allegations Does Not Create Separate Offenses

Defendant argues that because the introductory allegations contain references to other criminal statutes with a different <u>mens rea</u> standard, and the introductory allegations are incorporated by reference into Count One, Count One therefore charges separate crimes and is, as a result, duplicitous. <u>See</u> Motion to Dismiss at 6-9. Defendant is incorrect.

Federal Rule of Criminal Procedure 7 governs the nature and contents of indictments. As the Advisory Committee Notes to Rule 7 make clear, "citations to statutes or regulations [are] not a part of the indictment." The Notes go on to explain: "The provision of the rule, in view of the many statutes and regulations, is for the benefit of the defendant and is not intended to cause a dismissal of the indictment, but simply to provide a means by which he can be properly informed without danger to the prosecution." Although the introductory allegations provide background on state and federal laws relevant to the various charged offenses in this case, those introductory allegations do not charge separate crimes and do not somehow import a different <u>mens rea</u> requirement into Count One. At trial, the Court will of course instruct the jury on the charged crimes and the elements for those crimes, including the requisite

mental state.  Contrary to defendant's speculation, the jury will not be confused about the crime charged in Count One nor will it somehow divine that a different mental state is required to prove the offenses described in the introductory allegations.  On its face, Count One clearly charges a single crime, a conspiracy with a single object.[2]

>        b.   *Overt Acts Committed by Co-Conspirators Do Not*
>             *Create a Duplicitous Charge*

Defendant argues that Count One is duplicitous because "it alleges multiple overt acts which constitute distinct crimes."  See Motion to Dismiss at 7.  Defendant asserts, without citation to any authority, that "each overt act alleged must be in furtherance of the intent to engage in the business of dealing in firearms without a license, nothing more and nothing distinct from that."  (Id.)  In essence, defendant complains that many of the alleged overt acts were committed by his co-defendant and co-conspirator, Fernandez, and constitute distinct crimes.  These arguments have no merit.

"[T]he overt act required as an element of conspiracy need not have as immediate a connection to the intended crime as the 'substantial step' required for an attempt."  United States v. Harper, 33 F.3d 1143, 1148 (9th Cir. 1994).  "It is enough that the overt act is taken to implement the agreement."  Id. (internal

---

[2] Even if Count One charged a conspiracy with multiple objects (which it does not), this would not make the count duplicitous.  "The allegation in a single count of a conspiracy to commit several crimes is not duplicitous." Braverman v. United States, 317 U.S. 49, 54 (1942); see also United States v. Bauer, 84 F.3d 1549, 1560 (9th Cir. 1996) ("An indictment is not duplicitous merely because it charges a conspiracy to commit more than one offense."); United States v. Smith, 891 F.2d 703, 712 (9th Cir. 1989) ("The allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for [t]he conspiracy is the crime, and that is one, however diverse its objects.") (internal citations and quotation marks omitted).

citation and quotation marks omitted).  Here, each overt act alleged in Count One was taken to implement the agreement to deal in firearms without a license.  Each overt act relates to defendant and Fernandez's agreement, the crime of engaging in the business of dealing in firearms without a license, and the requisite state of mind of each defendant, namely, knowledge that their actions were unlawful.  Thus, for example, Overt Act No. 6 alleges that Fernandez discussed the sale of a firearm to be taken to Mexico (FSI ¶ 22, Overt Act 6).[3]  This overt act was taken by Fernandez in furtherance of the agreement to deal in firearms without a license, and is relevant to Fernandez's state of mind.  If the government establishes at trial that Fernandez knew that exporting firearms to Mexico without a license was unlawful, that fact will establish that Fernandez acted willfully.  As the Court will surely state and the jury instructions so provide, the government will separately have to prove defendant's guilt.  Contrary to defendant's confusing arguments about lowering the burden of proof, the government is aware that it must prove defendant's individual guilt beyond a reasonable doubt and not merely "guilt by association."

The fact that some overt acts were committed by Fernandez, and not by defendant, does not make Count One duplicitous.  To find defendant guilty of conspiracy, the jury must find that defendant entered into an agreement to commit a crime knowing of its object and

---

[3] The conduct with which Arao is charged also describes 41 straw purchases to himself, which constitute the distinct criminal offense of making a false statement on ATF Form 4473.  See 18 U.S.C. § 924(a)(1)(A); see also FSI Count One ¶ 22, Overt Acts 61 to 101; Count Three.  This offense is not charged against Arao but is charged against Fernandez, among others, in Counts Eight through Eleven of the FSI.

1    intending to help accomplish it, and that at least one overt act was

2    committed in furtherance of the conspiracy.  United States v. Nelson,

3    66 F.3d 1036, 1044 (9th Cir. 1995).  The defendant need not commit

4    the overt act as long as one of the co-conspirators does.  Id.  It

5    makes sense, therefore, that defendant need not be named in every

6    overt act of an alleged conspiracy.

7         Similarly, that Arao's co-defendant Fernandez engaged in conduct

8    of which Arao was unaware is irrelevant.  The Ninth Circuit's model

9    jury instruction on conspiracy states that a person may be a member

10   of a conspiracy "without full knowledge of all the details of the

11   unlawful scheme or the names, identities, or locations of all of the

12   other members."  See Ninth Cir. Model Jury Instr. 8.23 (Conspiracy --

13   Knowledge of and Association with Other Conspirators).  Count One is

14   not duplicitous.

15                    *c.   Dismissal for Surplusage is Legally Improper*

16        Defendant argues that "removing any inadequate introductory

17   allegations or overt acts" would be an insufficient remedy, and that

18   this Court must instead dismiss Counts One and Three of the FSI.

19   Motion to Dismiss at 13.  Rather than setting forth proper grounds

20   for dismissing the FSI, defendant's motion appears to be aimed at

21   what is typically called surplusage.  Striking "inadequate"

22   allegations, rather than dismissal, would be the appropriate remedy

23   for any language in the FSI the Court found improper.

24        The Ninth Circuit has "repeatedly held that language that

25   describes elements beyond what is required under statute is

26   surplusage and need not be proved at trial."  Bargas v. Burns, 179

27   F.3d 1207, 1216 n. 6 (9th Cir. 1999) (citation omitted).  Such

28   surplusage "may be subject to a motion to strike at the instance of

                                         9

1   the [defendants] but surplusage is not fatal." United States v.

2   Root, 366 F.2d 377, 381 (9th Cir. 1966) (citation omitted).  The

3   "scope of a district court's discretion to strike material from an

4   indictment is narrow." United States v. Oakar, 111 F.3d 146, 157

5   (D.C. Cir. 1997).  A court has discretion to strike only

6   "immaterial," "irrelevant," or "prejudicial or inflammatory

7   allegations that are neither relevant nor material to the charges."

8   United States v. Laurienti, 611 F.3d 530, 546-47 (9th Cir. 2010)

9   (citations omitted).  In other words, while facts in the indictment

10  "may be somewhat prejudicial," they should not be stricken if they

11  are "relevant and material to the charge[d]" offenses.  United States

12  v. Terrigno, 838 F.2d 371, 373 (9th Cir. 1988).  Here, the

13  introductory allegations and overt acts are relevant and material to

14  the charged offenses because they describe alleged facts about the

15  charged defendants and accurately describe pertinent state and

16  federal law.  That Arao does not wish to be tried with the defendant

17  whom he views as more culpable is not a proper basis to dismiss the

18  indictment.  See Motion to Dismiss at 10, 12; Motion to Sever at 8

19  (Fernandez is "more culpable" than Arao).

20          3.   Count Three Is Not "Legally Invalid"

21      Defendant next argues that the government will rely on Pinkerton

22  liability in proving Count Three.  See Motion to Dismiss at 11-12.

23  Not so.  A Pinkerton charge is a request to prove liability for a

24  substantive offense committed by a co-conspirator, here, Fernandez.

25  See Ninth Circuit Model Jury Instruction 8.25, Conspiracy—Liability

26  for a Substantive Offense Committed by Co-Conspirator (Pinkerton

27  Charge).  But Fernandez is not charged in Count Three.  Pinkerton is

28  simply inapplicable.  Count Three charges defendant, not Fernandez,

with his own repeated sales of 41 firearms as an individual who was not licensed to deal in firearms.  To be sure, proof for Count Three will overlap with the proof for Count One, which alleges these same 41 sales as overt acts of the conspiracy (¶ 22, Overt Acts 61-101), but Count Three does not somehow depend on Count One.  Contrary to defendant's argument, even if a jury were to acquit defendant of conspiracy, it could independently find defendant guilty of Count Three.  Count Three is not "legally invalid" in any way.

> 4.    Courts Have Repeatedly Upheld the Constitutionality of 18 U.S.C. § 922(a)(1)(A)

Finally, defendant argues that 18 U.S.C. § 922(a)(1)(A) is unconstitutionally vague as applied to Arao.  See Motion to Dismiss at 14-15.  Circuit Courts, including the Ninth Circuit, have repeatedly held that the phrases "engaged in the business," "dealer," and "dealing in firearms," as found in the statute, are not unconstitutionally vague.  See United States v. Van Buren, 593 F.2d 125, 126 (9th Cir. 1979); see also United States v. Skinner, 25 F.3d 1314, 1319 (6th Cir. 1994) (holding that the phrases "engaged in the business" and "as a regular course of trade or business" are not unconstitutionally vague); United States v. King, 532 F.2d 505, 510 (5th Cir. 1976) ("We are unimpressed, as well, by his argument that the terms 'dealer' and 'dealing in', as employed in the statute, are too vague and indefinite to constitute a valid criminal statute, because no standards are established as to the number of sales, dollar volume thereof, a fixed or other place of business or number of employees"); United States v. Gross, 451 F.2d 1355, 1357 (7th Cir. 1971) ("We conclude that on the evidence before us the statute here is not impermissibly vague and that the defendant's sale of eleven

11

separate weapons within a reasonably short space of time clearly made him a dealer under the statutory definition").

In Van Buren, the Ninth Circuit noted that "[t]he distinction between collecting as a hobby and dealing as a business is not unknown to the law and it is recognized that where transactions of sale, purchase or exchange of firearms are regularly entered into in expectation of profit, the conduct amounts to engaging in business." 593 F.2d at 126 (citing cases). The Ninth Circuit rejected the vagueness challenge and concluded: "In its use of terms such as 'business' and 'dealing,' well defined in the law, the statute has avoided the pitfall of vagueness." Id.

After the decision in Van Buren, in 1986, the statute was amended to further define and clarify the meaning of the term "engaging in the business of dealing in firearms." The Fourth Circuit has noted that "the prohibition against unlicensed firearm dealing is much narrower and clearer [than the pre-1986 statute]: it regulates only individuals who regularly sell, for the principal purpose of accruing profit or maintaining a livelihood, firearms that are not part of their personal collection or for their hobby." United States v. Hosford, 843 F.3d 161, 170-71 (4th Cir. 2016).

Lastly, any concern that a statute "fails to provide people of ordinary intelligence" an understanding of what conduct it prohibits is ameliorated when the statute, as in this case, contains a scienter requirement. Hill v. Colorado, 530 U.S. 703, 732 (2000). The Supreme Court "has recognized that a scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice . . . that [the] conduct is proscribed." Vill. Of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 499 (1982);

1   see Holder v. Humanitarian Law Project, 561 U.S. 1, 19 (2010) ("[T]he

2   knowledge requirement of the statute further reduces any potential

3   for vagueness.").

4       **B.   The Court Should Deny Defendant's Motion to Sever**

5       Defendant separately filed a Motion to Sever based on largely

6   the same arguments advanced in his Motion to Dismiss.  To the extent

7   defendant's arguments are different, they are addressed below.

8           1.   Legal Standard

9       Federal Rule of Criminal Procedure 8(b) ("Rule 8") provides that

10  an indictment "may charge 2 or more defendants if they are alleged to

11  have participated in the same act or transaction, or in the same

12  series of acts or transactions, constituting an offense or offenses."

13  The "defendants may be charged in one or more counts together or

14  separately."  Fed. R. Crim. Proc. 8(b).  In fact, courts must

15  construe Rule 8(b) in favor of joinder.  See United States v.

16  Friedman, 445 F.2d 1076, 1082 (9th Cir. 1971).  If such joinder of

17  defendants or offenses "appears to prejudice a defendant or the

18  government, the court may order separate trials of counts, sever the

19  defendants' trials, or provide any other relief that justice

20  requires."  Fed. R. Crim. Proc. 14(a) ("Rule 14").

21          2.   Severance Is Not Required Under Rule 14

22      Defendant does not challenge joinder under Rule 8 but instead

23  argues he will be unfairly prejudiced, under Rule 14, by proceeding

24  to trial with his co-defendant Fernandez.  See Motion to Sever at 7.

25  In effect, defendant argues that "markedly different degrees of

26  culpability" between Fernandez and Arao require severance.  Id. at 1.

27  But the severance standard is not based on a defendant's perceived

28  lesser degree of culpability.  Rather, a "district court should grant

1     a severance under Rule 14 only if there is a serious risk that a

2     joint trial would compromise a specific trial right of one of the

3     defendants, or prevent the jury from making a reliable judgment about

4     guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539

5     (1993); see also United States v. Hernandez-Orellana, 539 F.3d 994,

6     1001 (9th Cir. 2008) (outlining four-part test for district courts to

7     consider in severing trials, including "'whether [defendants can]

8     show, with some particularity, a risk that the joint trial would

9     compromise a specific trial right of one of the defendants'")

10    (citation omitted). Indeed, a "defendant must demonstrate that a

11    joint trial is so manifestly prejudicial that it outweighs the

12    dominant concern with judicial economy and compels the exercise of

13    the court's discretion to sever." United States v. Doe, 655 F.2d

14    920, 926 (9th Cir. 1980) (citation omitted). Defendant is unable to

15    make this showing here.

16        Defendant contends that he would be found "guilty merely by

17    association" with his co-defendant Fernandez because the introductory

18    allegations of the FSI describe other criminal statutes and Fernandez

19    engaged in some of the overt acts of the conspiracy by himself.

20    Motion to Sever at 8 (quoting United States v. Satterfield, 548 F.2d

21    1341, 1346 (9th Cir. 1977)).[4] A joint trial is "particularly

22    appropriate where co-defendants are charged with conspiracy, because

23    the concern for judicial efficiency is less likely to be outweighed

24    by possible prejudice to the defendants when much of the same

25    evidence would be admissible against each of them in separate

26    trials." United States v. Fernandez, 388 F.3d 1199, 1242 (9th Cir.

27

28        [4] Defendant does not contend that the charges set forth in
    Counts Four through Twelve of the FSI should be severed.

2004).  Because Count One charges a conspiracy, evidence concerning the scope of the conspiracy, including overt acts committed by Fernandez alone, would be admissible against Arao even in a severed trial.  Defendant does not attempt to address incontrovertible conspiracy law, which states that "one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all the other members."  See Ninth Cir. Model Jury Instr. 8.23 (Conspiracy -- Knowledge of and Association with Other Conspirators), Comment, citing United Sates v. Escalante, 637 F.2d 1197, 1200 (9th Cir. 1980); United States v. Perry, 550 F.2d 524, 528 (9th Cir. 1997)(the government is not required "to prove that all of the defendants met together at the same time and ratified the illegal scheme" in order to establish criminal conspiracy).  Thus, that defendant and Fernandez may have had different roles in the conspiracy or that either defendant engaged in different overt acts does not mean that severance is warranted here.  See Escalante, 637 F.2d at 1201 ("Generally speaking, defendants jointly charged are to be jointly tried.  This is also the rule in conspiracy cases.").  The presumption makes sense in this case because the evidence for the conspiracy charged in Count One is essentially the same as the evidence for Counts Two and Three.  Severing the trial would require the Court and the government to simply repeat nearly the same case twice.

Fernandez v. United States, 329 F.2d 899 (9th Cir. 1964), further illustrates that severance is inappropriate in this case. There, the Court held that even where the evidence ultimately failed to establish the existence of the charged overall conspiracy, denial

15

of severance of defendants was not an abuse of discretion; evidence

as to each substantive count was not complex and each count was

specific as to time, place, and persons involved and when evidence

was received.  The same is true here.  Each substantive count alleges

conduct charged in the conspiracy count and is specific as to

circumstances and the defendants involved.  Moreover, the Ninth

Circuit again provides the appropriate guidance for this case in its

model jury instructions:

> A separate crime is charged against one or more of the
> defendants in each count.  The charges have been joined for
> trial.  You must decide the case of each defendant on each
> crime charged against that defendant separately.  Your
> verdict on any count as to any defendant should not control
> your verdict on any other count or as to any other
> defendant.

Ninth Cir. Model Jury Instr. 3.13 (Separate Consideration of Multiple

Counts -- Multiple Defendants).  Given the circumstances in this

case, nothing more is required.  See Fernandez, 388 F.3d at 1243 (9th

Cir. 2004) (guidance in Jury Instr. 3.13 along with instructions on

conspiracies "are more than sufficient to guard against the

possibility of prejudice to the defendants" who were charged with a

variety of offenses).

**C.   Defendant Has Not Identified a Bruton Issue**

Defendant generally raises the issue identified in Bruton v.

United States, 391 U.S. 123 (1968), in both his Motion to Dismiss and

Motion to Sever without specifically pointing to any potentially

problematic statements.[5]  See Motion to Dismiss at 10-11; Motion to

---

[5] The government intends to file a motion in limine to admit co-
conspirator statements and statements by defendants that will comply
with the Federal Rules of Evidence and avoid the Confrontation Clause
issues raised by Bruton.  The government has produced recordings and
transcripts of statements Fernandez made to agents.  Defendant has

16

1  Sever at 8-9.  "Under Bruton and its progeny, the admission of a

2  statement made by a non-testifying codefendant violates the

3  Confrontation Clause when that statement facially, expressly,

4  clearly, or powerfully implicates the defendant."  United States v.

5  Mitchell, 502 F.3d 931, 965 (9th Cir. 2007) (citation omitted).

6  Statements made in furtherance of a conspiracy were expressly held by

7  the Supreme Court in Crawford v. Washington, 541 U.S. 36, 56 (2004),

8  to be not "testimonial" such that their admission does not violate

9  the Confrontation Clause.

10      The Supreme Court has recognized the strong societal interest in

11  allowing joint trials even in cases involving incriminating

12  statements by a co-defendant, noting that severance is "not as facile

13  or as just a remedy as might seem."  Richardson v. Marsh, 481 U.S.

14  200, 209-10 (1987) ("It would impair both the efficiency and the

15  fairness of the criminal justice system to require, in all these

16  cases of joint crimes where incriminating statements exist, that

17  prosecutors bring separate proceedings, presenting the same evidence

18  again and again, requiring victims and witnesses to repeat the

19  inconvenience (and sometimes trauma) of testifying, and randomly

20  favoring the last-tried defendants who have the advantage of knowing

21  the prosecution's case beforehand."); Zafiro, 506 U.S. at 537 (joint

22  trials "promote efficiency and 'serve the interests of justice by

23  avoiding the scandal and inequity of inconsistent verdicts'")

24  (quoting Richardson, 481 U.S. at 210).  Because defendant has not

25  identified any statements by Fernandez that would implicate Bruton,

26

27  not identified a single statement made by Fernandez that implicates

28  Bruton because no such statement exists.

17

much less established prejudice that is "sufficiently severe to outweigh the judicial economy that would be realized by avoiding lengthy multiple trials," <u>United States v. Panza</u>, 750 F.2d 1141, 1149 (2d Cir. 1984), his requests for dismissal and severance based on <u>Bruton</u> should be denied.

## IV.   CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny defendant's Motions.