**EDWARD M. ROBINSON (CA Bar 126244)**
Rachael A. Robinson (CA Bar 313991)
Lisa Houlé (CA Bar 207303)
    21515 Hawthorne Blvd , Suite 730
    Torrance, CA 90503
    Office:  (310) 316-9333
    Facsimile: (310) 316-6442
    eroblaw@gmail.com

Attorneys for Defendant
*Edward Yasushiro Arao*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-00121-SJO-2 |
| Plaintiff, | |
| v. | **MOTION *IN LIMINE* TO LIMIT/EXCLUDE CERTAIN EXPERT TESTIMONY; DECLARATION OF EDWARD M. ROBINSON** |
| EDWARD YASUSHIRO ARAO, et al., | |
| Defendant. | DATE: November 12, 2019<br>TIME: 9:00 a.m.<br>Courtroom of the<br>Honorable S. James Otero |

**INTRODUCTION**

This matter is set for jury trial November 12, 2019. On October 2, 2019, the government provided written notice pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G). A copy of that notice is attached hereto as Exhibit A. On October 9, 2019, Counsel for Mr. Arao, in part pursuant to the invitation by the government to discuss the sufficiency of the expert notice, emailed the government requesting additional "Rule 16" information. On October 18, 2019, a telephonic meeting was held with the government. (*See* Declaration of Edward M. Robinson).

As this Court and the parties are aware, Mr. Arao has moved to dismiss the indictment and the substantive count, and in the alternative sever his case from that of his codefendants. The basis for the motion to dismiss as well as to sever is set forth in the motions and deal in a holistic sense with separating Mr. Arao's conduct from that of his co-defendants, particularly Mr. Fernandez. From the government's expert notice, it appears that a significant part of the proposed expert testimony goes to Mr. Fernandez's conduct in violating the criminal code sections focused on selling to prohibited persons, selling outside of the country, and selling to straw purchases. (18 U.S.C. §§ 554, 924(a)(1)(A), 922(d)(1).) The heart of Mr. Arao's objections to the area of proposed expert testimony, if the government gives notice of its intent to go beyond the parameters it has expressed it will abide by at trial (*See* Exhibit B), are rooted in the notion that some of this testimony will not assist the trier of fact with respect to "understanding the evidence or determining a fact in issue." FRE 702. Additionally, the objections address the concern that the firearms experts will provide legal opinions that invade the province of the jury, provide testimony concerning Mr. Arao's mental state in violation of FRE 704(b), as well as the constitutional obligation to prove each element of the offense beyond a reasonable doubt per *In re Winship*.

**PROPOSED EXPERT TESTIMONY**

Attached hereto as Exhibit A is a letter from the government dated October 2, 2019, which serves the purpose of presenting the required expert notice pursuant to

Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. On October 18, 2019 the government provided a substitute expert with respect to Category B.

Counsel for Mr. Arao requested additional information from the government concerning the nature of the proposed expert testimony. As set forth above, on October 18, 2019, counsel for the government and counsel for Mr. Arao had a telephonic meeting to discuss the parameters of the government's intended expert testimony. This motion *in limine* is governed by those parameters which are set forth herein and the Declaration of Counsel, attached hereto as Exhibit B.

## I.      Expert Testimony Concerning "Federal Firearm Requirements"

As set forth in Exhibit A, the government indicates that it intends to call ATF Special Agent David Hamilton to testify regarding the following: (1) the licensing requirements for dealing in firearms and the records kept by federal and state authorities concerning the sale and registration of the firearms involved in this investigation; (2) the nature and characteristics of the firearms and ammunition that were involved in this case; (3) the market prices of the firearms involved in this investigation, including in secondary markets and in California compared to other states; and (4) the significance of .38 Super firearms, specifically model 1911 firearms, including their popularity in Mexican culture, in Mexico, and with cartels, in the context of advertising the charged firearms for sale.

With respect to these four categories, Mr. Arao has no objection to the first category concerning the licensing requirements and the records kept concerning the sale and registration of the firearms involved in this investigation. Mr. Arao has no objection the second category regarding testimony concerning the nature and characteristics of the firearms and ammunition involved in this case. This non-objection is premised on the government's position that this testimony is designed to elicit for the jury the fact that the firearms in question in this case are "off-roster" guns, and as such, are more difficult for the public to acquire.

Regarding the third category, Mr. Arao, in his interview with law enforcement, discussed his pricing of these off-roster guns. As such, the government has agreed that this expert testimony is directed primarily towards the other defendants. Mr. Arao, therefore, reserves the right to object at trial should the contours of this expert testimony as it applies to him change.

Finally, concerning category four, Mr. Arao does not object to Agent Hamilton's testimony concerning "the significance of .38 super firearms." He does, however, object to testimony concerning the popularity of this gun in "Mexican culture, in Mexico, and with the cartels, in the context of advertising the charged firearms for sale." The government has indicated that it does not intend to elicit testimony concerning this objected to line of testimony unless there is cross-examination that seeks to establish a jury nullification position. Counsel for Mr. Arao has indicated to the government that they do not intend to pursue a jury nullification defense. As such, it does not appear necessary to address this issue in this motion. Mr. Arao, however, asks this Court to order the government to give notice of its intent to introduce this expert testimony prior to its eliciting this testimony so that a proper objection and hearing can be noted and held.

## II.    California Firearms Requirements and Classifications

As set forth in Exhibit A, the government intends to call an expert witness concerning California firearms requirements and classifications. The government has provided notice that they intend to call Blake Graham and not Leslie McGovern. The government has indicated that this testimony is regarding the following: (1) California laws and regulations about firearms, including California's classification of on-roster and off-roster firearms; and (2) the restrictions on the sale of off-roster firearms as well as the exceptions to those restrictions as they apply to law enforcement officers. Mr. Arao has no objection to the first category of testimony. With respect to the second, Mr. Arao has no objection to this testimony in reliance on the government's stated position that it does not plan on eliciting testimony about what legally constitutes "dealing in

3

firearms." Again, should the government change its position and seek to introduce expert testimony on what constitutes "dealing," Mr. Arao requests that this Court order the government to give notice of its intent to introduce this expert testimony prior to its eliciting this testimony so that a proper objection and hearing can be noted and held.

## CONCLUSION

For the foregoing reasons, Mr. Arao respectfully requests that this Court limit the government's expert testimony as herein stated and order that the government give notice of intent to elicit expert testimony as requested.

Respectfully submitted,

DATED:  October 24, 2019          By   */s/ Edward M. Robinson*
                                       Edward M. Robinson
                                       Rachael A. Robinson
                                       Lisa Houlé

                                       Attorneys for Defendant

4