**EDWARD M. ROBINSON (CA Bar 126244)**
Rachael A. Robinson (CA Bar 313991)
Lisa Houlé (CA Bar 207303)
   21515 Hawthorne Blvd , Suite 730
   Torrance, CA 90503
   Office:  (310) 316-9333
   Facsimile: (310) 316-6442
   eroblaw@gmail.com

Attorneys for Defendant
*Edward Yasushiro Arao*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>EDWARD YASUSHIRO ARAO, et al.,<br><br>        Defendant. | Case No. 18-CR-00121-SJO-2<br><br>**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT DEFENDANT STATEMENTS; EXHIBIT A**<br><br>DATE: November 4, 2019<br>TIME: 10:00 a.m.<br>Courtroom of the<br>Honorable S. James Otero |

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

PROPOSED TESTIMONY ................................................................................................. 1

    I.  Mr. Fernandez's Instagram and Email Statements Cannot be Introduced Against Mr. Arao ........................................................................................................................ 1

        A.  Legal Standard ................................................................................................. 2

        B.  Mr. Fernandez's Statements Were Not Made in Furtherance of the Object of the Charged Conspiracy ................................................................................ 2

    II.  The Rule of Completeness (FRE 106) Requires the Admission of Mr. Arao's Entire Statement ........................................................................................................... 3

        A.  Legal Standard ................................................................................................. 3

        B.  Pursuant to Federal Rules of Evidence Rule 106 Mr. Arao's Entire Recorded Statement Must be Admitted to Provide Context and to Demonstrate His State of Mind When He Made the Relevant Statements ................................. 4

        C.  Failure to Introduce the Full Statement Would Violate Both Mr. Arao's Fifth Amendment Right to Remain Silence and Sixth Amendment Right to Confront and Cross-Examine Witnesses Against Him ................................... 7

CONCLUSION ..................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Beech Aircraft Corp. v. Rainey*,
    488 U.S. 153 (1988) ................................................................................. 3, 5

*United States v. Castro–Cabrera*,
    534 F.Supp.2d 1156 (C.D.Cal.2008) .......................................................... 6

*United States v. Dorrell*,
    758 F.2d 427 (9th Cir.1985) .................................................................. 4, 6

*United States v. Foster*,
    711 F.2d 871 (9th Cir.1983) ....................................................................... 2

*United States v. Kaminski*,
    692 F.2d 505 (8th Cir. 1992) ...................................................................... 4

*United States v. Marin*,
    669 F.2d 73 (2d Cir. 1982) ......................................................................... 4

*United States v. McCorkle*,
    411 F.2d 482 (7th Cir.) ............................................................................... 4

*United States v. Smith*,
    794 F.2d 1333 (7th Cir. 1986) .................................................................... 4

*United States v. Wenzel*,
    311 F.2d 164 (4th Cir. 1962) .................................................................. 4, 5

*United States v. Yarbrough*,
    852 F.2d 1522 (9th Cir. 1988) .................................................................... 2

**Statutes**

18 U.S.C. § 554 ................................................................................................. 2

18 U.S.C. § 922 ................................................................................................. 2

18 U.S.C. § 924 ................................................................................................. 2

**Rules**

Federal Rules of Evidence, Rule 106 ........................................................... 3, 4

Federal Rules of Evidence, Rule 801 ............................................................... 2

# INTRODUCTION

The government seeks to introduce five categories statements made by either Mr. Arao or Mr. Fernandez. These statements are as follows: (1) Mr. Fernandez's statements in Instagram records, (2) Mr. Arao's statements in Instagram records, (3) Mr. Fernandez's statements in e-mail records, (4) Mr. Fernandez's statements in text messages, and (4) both Mr. Fernandez's and Mr. Arao's recorded statements to agents. Mr. Arao does not object to the introduction of category 2, his statements in Instagram records. Nor does Mr. Arao object to the introduction of Mr. Fernandez's text messages for the limited purpose of this motion, which are being introduced only against Mr. Fernandez.[1] Mr. Arao does, however, object to categories 1 and 3, as these statements are made by Mr. Fernandez in furtherance of a goal separate from the object of the conspiracy for which Mr. Arao is charged. These statements, therefore, are inadmissible as co-conspirator statements against Mr. Arao. Finally, Mr. Arao objects to the introduction of the limited and misleading excerpts of his interview with ATF agents. The government's chosen excerpts create the false impression that Mr. Arao confessed to the crime, thus relieving the government of its constitutional obligation to prove willfulness beyond a reasonable doubt. Under the rule of completeness, the only way to cure this impermissible constitutional error is to admit Mr. Arao's entire interview, which provides the necessary context for his statements.

# PROPOSED TESTIMONY

## I. Mr. Fernandez's Instagram and Email Statements Cannot be Introduced Against Mr. Arao

The government seeks to introduce Mr. Fernandez's statements made in private discussions on his personal Instagram account "@the38superman" as well as Mr.

---

[1] Mr. Arao does, however, stand on his Motions to Dismiss and to Sever for the proposition that such evidence against Mr. Fernandez is unduly prejudicial against him and a limiting instruction is insufficient to cure the constitutional implications of this evidence against Mr. Arao as well as the fact that these statements create the unconstitutionally duplicitous indictment.

1

Fernandez's private email statements from the account "La_fusca_1911@hotmail.com" against Mr. Arao as co-conspirator statements pursuant to Federal Rules of Evidence Rule 801(d)(2)(E).

### A. Legal Standard

Pursuant to Federal Rules of Evidence, Rule 801(d)(2)(E), statements made by a party's co-conspirator during and *in furtherance* of the conspiracy are not hearsay and are thus admissible. The Ninth Circuit has strictly construed the "in furtherance of the conspiracy requirement." *See United States v. Foster,* 711 F.2d 871 (9th Cir.1983). To be "in furtherance," the statements must further the common objectives of the conspiracy. *United States v. Yarbrough,* 852 F.2d 1522, 1535 (9th Cir. 1988).

### B. Mr. Fernandez's Statements Were Not Made in Furtherance of the Object of the Charged Conspiracy

For reasons addressed at length in Mr. Arao's Motions to Dismiss and to Sever, these statements were not made in furtherance of the limited conspiracy for which Mr. Arao was charged, the sole object of which was to "engage in the business of dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A)." Instead, these statements were made in furtherance of Mr. Fernandez's distinct and additional goals including selling to straw purchasers (18 U.S.C. § 924(a)(1)(A)), transporting firearms outside of the country (18 U.S.C. § 554), and selling to prohibited persons (18 U.S.C. § 922(d)(1)). Thus, neither the Instagram statements nor the email statements fall under FRE 801(d)(2)(E) as co-conspirator statements, and neither category is therefore admissible against Mr. Arao.

The government makes a secondary argument that, alternatively, this evidence should be admissible to demonstrate Mr. Fernandez's state of mind. Regardless of the government's theory of admissibly, the fact that the proposed reason for the admissibility of this evidence is to establish an overt act in furtherance of the object in of the conspiracy count 1, Fernandez's truthfulness in his statement, or his state of

2

mind, go toward an unindicted object and therefore must be inadmissible against Mr. Arao and highlights the unconstitutional duplicity of the count.

## II. The Rule of Completeness (FRE 106) Requires the Admission of Mr. Arao's Entire Statement

Everything Mr. Arao says throughout his September 25, 2017 interview with ATF agents goes to his state of mind. (Defense Exhibit A). With respect to the charges against Mr. Arao, the government must prove willfulness beyond a reasonable doubt. At minimum, therefore, the government musts prove beyond a reasonable doubt that Mr. Arao knew that what he was doing was somehow unlawful.[2] If the government is allowed only to introduce the excerpted statements, it creates the impression of a confession that does not exist and there is a real certainty that the jury will understand this statement as a confession of guilt. Moreover, admission of only these excerpted statements would be constitutionally misleading as it would not only lessen, but would relieve, the government of its burden to prove willfulness beyond a reasonable doubt.

### A. Legal Standard

The Federal Rules of Evidence, Rule 106 states that "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part--or any other writing or recorded statement--that in fairness ought to be considered at the same time." Fed. R. Evid. 106. "When one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion, the material required for completeness is ipso facto relevant and therefore admissible." *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 172 (1988).

Application of the rule of completeness often arises when the government seeks to introduce a portion – but not all – of a defendant's written or recorded statement. When this occurs, a defendant often has the right to introduce additional portions of his

---

[2] Mr. Arao will be seeking a jury instruction with a heightened standard of willfulness given the nature of the charges against him.

3

statement, including through cross-examination. Although this right does not entitle a defendant to introduce portions of his statement that are neither explanatory of nor relevant to those portions of the statement introduced by the prosecution, it does entitle a defendant to introduce portions that more fairly reflect the sentiment of the statement. *United States v. Marin*, 669 F.2d 73, 84-85 (2d Cir. 1982) (citing *United States v. McCorkle*, 411 F.2d 482, 486-87 (7th Cir.), cert. denied, 423 U.S. 826 ... (1975)). Moreover, "[g]enerally, when part of a defendant's post-arrest statement is introduced into evidence, the defendant has the right to have the entire statement introduced." *United States v. Smith*, 794 F.2d 1333, 1335 (7th Cir. 1986) (citing *United States v. Kaminski*, 692 F.2d 505, 522 (8th Cir. 1992) (quoting *United States v. Wenzel*, 311 F.2d 164, 168 (4th Cir. 1962)). "This rule is sometimes referred to as the rule of completeness." *Id*.

"'When a confession is admissible, the whole of what the accused said upon the subject at the time of making the confession is admissible and should be taken together; and if the prosecution fails to prove the whole statement, the accused is entitled to put in evidence all that was said to and by him at the time which bears upon the subject of controversy including any exculpatory or self-serving declarations connected therewith.'" *Wenzel*, 311 F.2d at 168; (quoting 20 Am. Jur. 425.) A district court abuses its discretion under Rule 106 when it excludes part of a statement if "the edited version ... 'distorts the meaning of the statement or excludes information substantially exculpatory of the declarant.' " *United States v. Dorrell,* 758 F.2d 427, 434–35 (9th Cir.1985) (quoting *Kaminski,* 692 F.2d at 522).

  B. <u>Pursuant to Federal Rules of Evidence Rule 106 Mr. Arao's Entire Recorded Statement Must be Admitted to Provide Context and to Demonstrate His State of Mind When He Made the Relevant Statements</u>

Here, the government seeks to introduce limited and highly misleading excerpts of Mr. Arao's recorded statements with ATF agents. (*See* Govt. Exhibit D). These

4

excerpted statements involve Mr. Arao's admission that he was selling the relevant firearms for a profit. Without the context of Mr. Arao's other statements as well as the ATF agent's responses, introduction of only the government's chosen excerpts risks distorting the meaning of Mr. Arao's statements as it ignores the significant exculpatory statements Mr. Arao made throughout. *Beech Aircraft*, 488 U.S. at 172; *see also Wenzel*, 311 F.2d at 168.

The government has chosen very short segments of Mr. Arao's September 25, 2017 voluntary interview with agents where he acknowledges that he was selling the .38 Super firearms in private-party transfers to make money. (*See* Govt. Exhibit D). Without the context in which Mr. Arao made these statements, these alone create the misleading allusion that Mr. Arao may be acknowledging his guilt. Critically missing from the excerpts are Mr. Arao's repeated statements that he believed everything he did was legal; and even more critically missing are the ATF agents' statements bolstering this belief and expressing their own confusion regarding the law. Such statements are necessary to properly and fairly assess Mr. Arao's state of mind, an element of the offense which the government must prove beyond a reasonable doubt, when he made the statements which the government seeks to introduce.

Before ever discussing the any profits he may have made, Mr. Arao repeatedly told the agents that he believed that his conduct was lawful and expressed surprise every time the agents mentioned that it may not have been. Such clarifying statements, for example, include Mr. Arao's explanation to the ATF agents that he was selling these firearms because, "I'm, I'm working lawfully." (Defense Exhibit A, USAO_032754). Moreover, the back and forth between Mr. Arao and the Agents demonstrates their collective state of mind and provides critical context to Mr. Arao's acknowledgment that he sold the firearms for profit. In one critical exchange when discussing the potential federal law violations, Special Agent Duncan stated that "my opinion on this is that I don't think [Mr. Arao] thinks it's that big of a deal. I don't think he even realizes …" to which Mr. Arao responded "I didn't even know."

(Defense Exhibit A, USAO_032782). When Special Agent Duncan then informed Mr. Arao that "there's probably some misdemeanors involved every time you do the whole, these private party transfer things[,]" Mr. Arao responds "really?" (Defense Exhibit A, USAO_032783). Even after the excerpts provided by the government, Mr. Arao again states that "I didn't – Honestly, I didn't think I was doing anything wrong." (Defense Exhibit A, USAO_032794).

Adding to the relevance concerning the willfulness element of the crime and providing the requisite context is the fact that, when Mr. Arao genuinely exclaimed to Agent Duncan that he did not believe he had done anything wrong, Special Agent Duncan implicitly concurred by responding "it's kind of hard. I, I – our general council is the one that – this, this is well above us … our, our division, our general council in DC … have gone through this." (Defense Exhibit A, USAO_032761).

"Although the Rule of Completeness cannot serve as an end run around the prohibition on inadmissible hearsay, this principle does not allow the government to offer abridged portions of statements that distort the meaning of a statement." *United States v. Castro–Cabrera,* 534 F.Supp.2d 1156, 1160–61 & n. 6 (C.D.Cal.2008) (quoting *Collicott,* 92 F.3d at 983)). Thus, here, these statements must be admitted because not only are they critical to understanding Mr. Arao's state of mind when he was interviewed by the ATF agents, but they are also exculpatory and provide clarifying context protecting Mr. Arao's statements from distortion. *Dorrell,* 758 F.2d at 434–35; *see also Wenzel*, 311 F.2d at 168. In other words, the meaning of the government's proposed statements is "inextricably intertwined" with the entirety of Mr. Arao's statements because if divorced from the context provided by the whole statement, the meaning and the reasoning behind these excerpted portions is distorted and misrepresented. *Castro-Cabrera*, 534 F.Supp. at 1160.

6

### C. Failure to Introduce the Full Statement Would Violate Both Mr. Arao's Fifth Amendment Right to Remain Silence and Sixth Amendment Right to Confront and Cross-Examine Witnesses Against Him

If Mr. Arao is precluded from introducing the entirety of his statement through cross-examination of the Agents, the only practical opportunity for him to explain himself is to testify. As such, in this situation, Mr. Arao would be deprived of his Sixth Amendment right to confront and cross-examine the Agents with the remainder of his statements and would be forced give up his Fifth Amendment right to testify. This Hobson's choice would be a clear violation of Mr. Arao's constitutional rights.

### CONCLUSION

For the foregoing reasons, Mr. Arao respectfully requests that this Court exlude Mr. Fernandez's Instagram and email statements provided by the government and admit the entirety of Mr. Arao's September 25, 2017 interview with ATF Agents.

Respectfully submitted,

DATED: October 25, 2019        By  /s/ Edward M. Robinson
                                   Edward M. Robinson
                                   Rachael A. Robinson
                                   Lisa Houlé

                                   Attorneys for Defendant

7