**EDWARD M. ROBINSON (CA Bar 126244)**
Rachael A. Robinson (CA Bar 313991)
Lisa Houlé (CA Bar 207303)
  21515 Hawthorne Blvd , Suite 730
  Torrance, CA 90503
  Office:  (310) 316-9333
  Facsimile: (310) 316-6442
  eroblaw@gmail.com

Attorneys for Defendant
*Edward Yasushiro Arao*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-00121-SJO-2 |
| Plaintiff, | |
| v. | **MOTION FOR MISTRIAL FOR *BRUTON* ERROR** |
| EDWARD YASUSHIRO ARAO, et al., | Courtroom of the |
| Defendant. | Honorable S. James Otero |

## INTRODUCTION

The government's question to Agent Hart with respect to who "the Chinese" man was referenced in Government Exhibits 169A and 182A was wholly inappropriate, was not harmless beyond a reasonable doubt; and amounts to Constitutional *Bruton* error for which this case must be dismissed. *Bruton v. United States*, 391 U.S. 123 (1968). (Under *Bruton* and its progeny, the admission of a statement made by a non-testifying codefendant violates the Confrontation Clause when that statement facially, expressly, clearly, or powerfully implicates the defendant.) The question was designed to make it appear that Mr. Fernandez was saying that Mr. Arao would no longer sell these guns. The government asked the question about the identity of "the Chinese" for the sole purpose of misleading the jury that Mr. Arao had acted willfully. There could be no other reason for the question. The Court's ruling striking that testimony, while proper, does not cure the error. *Id*.

## ARGUMENT

As a backdrop, Agent Hart was testifying as part of the bifurcated presentation agreed upon by the parties. His first portion of testimony was in respect to count 1, the conspiracy alleged against both Mr. Arao and Mr. Fernandez and counts 2 and 3, the substantive counts of unlawfully dealing in firearms without a license, alleged against Mr. Fernandez and Mr. Arao respectfully. His testimony in the second portion of the trial, and Exhibits 169A and 182A, were by agreement and as told to the jury, admitted with respect to count 4 and only against co-defendant Fernandez. Specifically, the conversation between Fernandez and Camacho Jr. is part of the conspiracy charge alleged only against Fernandez in count 4. It is hearsay as to Mr. Arao, and is only admissible against Mr. Fernande under FRE 801(d)(2)(E). In recognition of the bifurcated nature of the government's presentation, this Court specifically instructed the jury that it could not consider the testimony, including the testimony concerning the exhibits introduced as against Mr. Arao. Again, Mr. Arao *is not* charged in count 4 –

evidence relating to conduct for which Mr. Arao is not charged cannot be used against him.

Despite the clear rulings of this Court, and the agreements of the parties in recognition of this Court's rulings, Ms. Dragalin asked Agent Hart to whom co-defendant Fernandez was referring in the excerpt where Fernandez refers to "the Chinese." Agent Hart, out of pure speculation, responded Mr. Arao. Mr. Arao's counsel objected to the testimony and it was stricken.

Not only is this question offensive on its face, as the government knows Mr. Arao is Japanese, the government also knows that this statement, like a post-arrest statement of Fernandez, is hearsay against Mr. Arao and that he cannot call Mr. Fernandez to testify about who "the Chinese" referred to in the excerpt actually was. Thus, the sheer speculation by Agent Hart, elicited by the government, as to who "the Chinese" guy was has created the facially incriminating issue *Bruton* prohibits. Thus, the government itself has created the irredeemable problem. *See, e.g. United States v. Angwin*, 271 F.3d 786, 796 (2001) (overruled on other grounds.) This is a classic and flagrant *Bruton* violation. Mr. Arao cannot exercise his Sixth Amendment right to confront and cross-examination because the declarant, co-defendant Fernandez has exercised his Fifth Amendment right to remain silent.

This devastating error, which the United State Supreme Court identified in *Bruton* was clearly offered by the government in an effort to mislead and to cause this jury to speculate that Mr. Fernandez was in fact referring to Mr. Arao and saying that Mr. Arao stopped transferring the off-roster guns in the indictment because of the audit. Mr. Arao cannot establish through cross-examination of Mr. Fernandez that he was not "the Chinese," let alone establish that he may have decided to stop transferring guns with Mr. Fernandez, if that is even the case, for any number of lawful reasons, including because he was aware that Mr. Fernandez may have been engaging in suspect transactions. There is no way to dispel the clear implication created by the government's impermissible question that Mr. Arao somehow knew that what was

going on between him and Fernandez because of the audit. The government, who has the burden of proof, did not introduced the audit report or the auditor.

Mr. Arao's objection to this grossly misleading and unconstitutional line of questioning was made immediately and this Court struck the answer and instructed the jury to disregard. As the constitutional implications are now manifest because of Mr. Fernandez's unwillingness to testify – because he exercised his Fifth Amendment right to silence – for Mr. Arao about who, and what "the Chinese" was doing with respect to guns, the *Bruton* error is ripe.

As is clear from *Bruton*, the striking of this type of impermissible testimony cannot cure the error. 391 U.S. at 136-137 ("Despite the concededly clear instructions to the jury to disregard Evans' inadmissible hearsay evidence inculpating petitioner, in the context of a joint trial we cannot accept limiting instructions as an adequate substitute for petitioner's constitutional right of cross-examination.")

The government knows that it must prove willfulness as to Mr. Arao beyond a reasonable doubt. It also knows that its agents talked with Mr. Arao about the audit in the excerpted statements in Defense Exhibit 302. This unconstitutional testimony of Agent Hart, which creates the clear implication to this jury, that Mr. Arao acted willfully because he knew what he was doing was wrong is error that cannot be harmless and this case must be dismissed.

**CONCLUSION**

For the foregoing reasons, Mr. Arao respectfully requests that the Court declare a mistrial and dismiss.

Respectfully submitted,

DATED: November 19, 2019  By  */s/ Edward M. Robinson*
Edward M. Robinson
Rachael A. Robinson
Lisa Houlé

Attorneys for Defendant

4