```
                    UNITED STATES DISTRICT COURT

              CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

              HONORABLE S. JAMES OTERO, U.S. DISTRICT JUDGE



UNITED STATES OF AMERICA,    )
                             )
          Plaintiff,         )
                             )
               vs.           )
                             )   2:18-CR-121-SJO
EDWARD ARAO,                 )
                             )
          Defendant.         )
_____)
                             )
                             )
                             )


                    REPORTER'S TRANSCRIPT OF HEARING

                         Los Angeles, California

                         Monday March 2, 2020



                _____


                      AMY DIAZ, RPR, CRR, FCRR
                      Federal Official Reporter
                      350 West 1st Street, #4455
                         Los Angeles, CA 90012
```

*Please order court transcripts here:  www.amydiazfedreporter.com*

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

```
 1    APPEARANCES OF COUNSEL:

 2
      For the Plaintiff:
 3

 4              Office of the United States Attorney
                By:  KATHERINE RYKKEN, AUSA
 5                   VERONICA DRAGALIN, AUSA
                United States Courthouse
 6              312 North Spring Street
                Los Angeles, California 90012
 7

 8
      For the Defendant:
 9
                By:  EDWARD ROBINSON, Attorney at Law
10                   RACHAEL ROBINSON, Attorney at Law
                Edward M. Robinson
11              A Professional Law Corporation
                21515 Hawthorne Boulevard, Suite 730
12              Torrance, California 90503

13

14

15

16

17

18

19

20

21

22

23

24

25
```

| | |
|---|---|
| 1 | THE COURT: Both defendants first. |
| 2 | THE CLERK: Counsel, would you start stating your |
| 3 | appearances. |
| 4 | MS. RYKKEN: Good morning, Your Honor.  Katherine |
| 5 | Rykken and Veronica Dragalin on behalf of the United States. |
| 6 | MR. ROBINSON: Edward Robinson with Rachael Robinson |
| 7 | with Mr. Arao, who is present in court out of custody. |
| 8 | MR. RODRIGUEZ: I'm Ambrosio Rodriguez with |
| 9 | Mr. Fernandez, who is to my right. |
| 10 | THE COURT: Good morning.  So please feel free to |
| 11 | have a seat.  And then is there a particular order that |
| 12 | counsel would like the Court to proceed with? |
| 13 | MR. ROBINSON: Your Honor, with the Court's |
| 14 | permission, on behalf of Mr. Arao, who would like to go |
| 15 | first. |
| 16 | THE COURT: Let's start with Officer Arao. |
| 17 | So in reference to -- may I have counsel at the |
| 18 | lectern? |
| 19 | Just in reference to Officer Arao, Officer Arao has |
| 20 | filed a motion for acquittal, or in the alternative, for a |
| 21 | new trial, and that was filed way back in December of last |
| 22 | year.  And then the Court on the 13th of January entertained |
| 23 | argument on those motions, and after hearing from counsel, |
| 24 | ordered supplemental pleadings to be filed, and the parties |
| 25 | have filed supplemental pleadings, which the Court has |

1    considered.
2            The defendant filed a supplemental pleading on his
3    motion for judgment of acquittal, and in the alternative, a
4    new trial. The government filed opposition, and the defendant
5    has replied.
6            I think the matter has been fully briefed.  The
7    Court has carefully considered all of the pleadings.  I
8    presided over the trial, so I'm privy to what occurred during
9    the course of the trial, so I'm prepared to rule.
10           If counsel has additional argument to offer not
11   referenced in the pleadings, feel free; otherwise, the Court
12   is prepared to go forward.
13           MR. ROBINSON: May I have one moment, please? Because
14   Ms. Robinson is the one who briefed it, and I would defer to
15   her, with your permission.
16           May I have a moment to ask?
17           THE COURT:  Yes, please.
18           (Pause in proceedings.)
19           MR. ROBINSON: Thank you.  We will submit on the
20   papers.
21           THE COURT:  Then you can remain there or resume your
22   seat at counsel table.  It's up to you where you are most
23   comfortable.
24           MR. ROBINSON: I'm most comfortable standing here,
25   with the Court's permission.

1          THE COURT: Back to the Rule 29 motion, the
2  defendant has moved under Rule 29 to set aside the jury
3  verdict and enter judgment of acquittal.
4          The standard under a Rule 29 motion is exceedingly
5  high. The Court is to draw all reasonable inferences in
6  favor of the prosecution and resolve all conflicts and
7  evidence in favor of the prosecution.
8          The Court, drawing all reasonable inferences in
9  favor of the prosecution here, and considering all of the
10 evidence at trial, the Court would deny the motion for
11 judgment of acquittal.
12         The standard for a new trial is, however, is
13 different. The -- under a Rule 33 motion, the Court may
14 vacate any judgment and grant a new trial if the interests of
15 justice so requires. And under a Rule 33 motion, the Court
16 has broader discretion and is not required to view the
17 evidence in the light most favorable to the government.
18         So in reference to Officer Arao's motion under Rule
19 33, Officer Arao's defense at trial was focused not on his
20 conduct, but on a discrete issue, and an important issue
21 involving his intent.
22         Officer Arao's defense at trial was highly
23 technical, in the Court's view, and centered on the element
24 of willfulness and whether the government proved beyond a
25 reasonable doubt that because he had a federal firearms

1  license through Ronin, he did not know that Ronin's license
2  covered only his initial purchase and not his subsequent
3  purchase.
4         Also, he pursued the intent issue on another theory,
5  and that was because California law permits PPTs, that is
6  person-to-person transfers, he believed he was following the
7  law, and his unlawful conduct could not be found to be
8  willful.
9         So the Court would conclude that his ability to
10 effectively contest whether the government proved intent
11 beyond a reasonable doubt was severely hampered and undercut
12 because he was tried with Officer Fernandez.
13        As I mentioned at trial, the issue of the
14 willfulness was a close call.  The Court initially denied the
15 motion to sever, but after presiding over the trial, the
16 perspective changed, and Defendant Arao should never have
17 been tried with Defendant Fernandez.
18        Officer Fernandez, or Mr. Fernandez, was
19 significantly -- his conduct was significantly more egregious
20 than Officer Arao, in the Court's view.  Officer Fernandez
21 was charged with making false statements and disposing of
22 numerous firearms to prohibited persons.  The severity of the
23 charges against Officer Fernandez made it difficult for
24 Officer Arao to focus the jury's attention to a discrete but
25 important issue, and that was the issue of his intent.

1        There was also certain highly inflammatory evidence
2   that was offered by the government against Officer Fernandez
3   that would never have come in if the case was separately
4   tried against Officer Arao.  And this included, but not was
5   not limited to, Officer Fernandez's private messages
6   referring to police officers as "fucking pigs," and his
7   comment, "fuck the feds".  So the officer's private messages
8   containing statements that he would call in dead at work or
9   sick significantly impacted Officer Arao's ability to pursue
10  his intent defense.
11        The Court noticed when this evidence was received
12  that certain jurors were visibly shocked that a police
13  officer would refer to law enforcement agents as "fucking
14  pigs".  And in the Court's view, this significantly hampered
15  Officer Arao's theory of the case or his defense.
16        The Court would also conclude that Officer Arao was
17  significantly prejudiced by testimony offered in reference to
18  Officer Fernandez, and that was the testimony about
19  Mr. Camachos, Jr., a convicted felon who was found in
20  possession of 10 firearms when agents conducted a raid on his
21  father's home. So that evidence would not have been received
22  if the case was tried separately from Officer Fernandez.
23        The -- I don't think this is a ground for granting a
24  new trial, but I would also comment that Officer Arao's
25  demeanor during the course of the trial was significantly

1    different than Officer Fernandez's demeanor in the course of
2    the trial.
3           It appeared to the Court that Officer Fernandez was
4    simply going through the motions in reference to his defense,
5    recognizing that because of the severity of the evidence and
6    the overwhelming evidence offered by the government against
7    him, that it was a matter of only time before the jury
8    returned a verdict in favor of -- in his -- against him.
9           And I believe that the demeanor of Officer Fernandez
10   during the course of the trial impacted the jury's perception
11   of both of the defendants.
12          So the Court, having carefully considered all of the
13   issues, I don't think in my 14 years on the federal bench I
14   have granted a new trial, so I take this very seriously, and
15   the Court would conclude that the interests of justice
16   requires that the jury's verdict be vacated and set aside and
17   the matter proceed back to trial.
18          Is there anything further?
19          MR. ROBINSON: No.  Thank you, Your Honor.
20          Does the Court wish to set a date for --
21          THE COURT:  I think what we need to do is we need to
22   set a trial setting date for trial to be set, because the --
23   we can set a trial date today if both sides agree.  I'm not
24   going to be the judge handling this case.
25          MR. ROBINSON: May I have one moment with the

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

| | |
|---|---|
| 1 | government, Your Honor? |
| 2 | THE COURT: Yes. |
| 3 | (Pause in proceedings.) |
| 4 | MR. ROBINSON: Your Honor, thank you. We were |
| 5 | discussing the government has certain obligations that they |
| 6 | need to abide by, as do we. |
| 7 | THE COURT: Yes. |
| 8 | MR. ROBINSON: Including speedy trial issues. |
| 9 | I have indicated on behalf of Officer Arao that we |
| 10 | will stipulate to whatever is necessary in order to make sure |
| 11 | there is no speedy trial issue with respect to a second |
| 12 | trial, if in fact there is one, but both parties agree that |
| 13 | coming back within a week or 10 days would be good, so we can |
| 14 | alert whether or not the government may pursue an appeal, and |
| 15 | if we need to get speedy trial language in front of the |
| 16 | Court, we can do that, as well. |
| 17 | THE COURT: Sure. So your request today is what? |
| 18 | MS. RYKKEN: The government's request is for about a |
| 19 | week out. |
| 20 | MR. ROBINSON: We are out of the district on that |
| 21 | date. Does it have to be on a Monday, Your Honor? |
| 22 | THE COURT: You are requesting a new date for what? |
| 23 | What purpose? |
| 24 | MS. RYKKEN: For a trial setting conference. |
| 25 | THE COURT: Do you want a week out? |

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

| | |
|---|---|
| 1 | MR. ROBINSON: Well -- |
| 2 | THE COURT: Let me check with the clerk, just to see |
| 3 | what the availability is. |
| 4 | MR. ROBINSON: The 13th would be a good day for us, |
| 5 | Your Honor. We are not in this district the 9th, the 10th or |
| 6 | the 11th. |
| 7 | THE COURT: March 18th? |
| 8 | MS. RYKKEN: That's fine with the government, Your |
| 9 | Honor. |
| 10 | MR. ROBINSON: That's fine, Your Honor. Thank you. |
| 11 | THE COURT: Just for future reference, if ever -- if |
| 12 | the matter ever comes back for a sentencing after a new |
| 13 | trial, if there is a new trial, this Court would have |
| 14 | sentenced Officer Arao to only a probationary term. |
| 15 | MR. ROBINSON: Thank you, Your Honor. |
| 16 | THE COURT: And that is the only comment I wish to |
| 17 | make. |
| 18 | And we go to Officer Fernandez. |
| 19 | MR. ROBINSON: Your Honor, is it 9:00 on the 18th? |
| 20 | THE COURT: 9:00 on the 18th. |
| 21 | MR. ROBINSON: Your Honor, may we be excused? |
| 22 | THE COURT: Yes, please. |
| 23 | MR. ROBINSON: Thank you. |
| 24 | ***** ***** ***** |
| 25 | |

1   I certify that the foregoing is a correct transcript from the
2   record of proceedings in the above-titled matter.
3
4
5
6   ----------------------------
7
8   Amy C. Diaz, RPR, CRR              March 10, 2020
9   S/   Amy Diaz
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25